IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

DAVID MCGARRY,

Resident of the City of Bangor,
County of Penobscot, State of Maine,
Plaintiff

VS.

HOUSING AUTHORITY OF
THE CITY OF BANGOR,

a non-profit corporation conducting
business in the State of Maine whose
principle office is located in Bangor,
County of Penobscot, State of Maine,
Defendant

## **COMPLAINT**

### I.  PRELIMINARY STATEMENT

Plaintiff, David McGarry, is disabled and receives Disability Insurance Benefits and Supplemental Security Income. He is also a Section 8 Voucher holder, and entitled to a housing rental subsidy through the federal Section 8 housing program. Due to a long history of trauma and symptoms related to his medically diagnosed mood disorders, Mr. McGarry has a very difficult time in social situations and crowded environments. He has been diagnosed with Bipolar I Disorder, Most Recent Episode Depressed and Intermittent Explosive Disorder. His doctors believe that he might experience psychiatric decompensation if he were residing in a

crowded apartment environment and that from a therapeutic viewpoint, it is much better for him to reside in a one-family home, where he feels secure with someone he knows and trusts.

In the Summer of 2002, Mr. McGarry's condition deteriorated after his life was threatened by a neighboring tenant while living in an apartment in Newburgh, Maine. Mr. McGarry subsequently applied to transfer ("port") his Section 8 voucher from Penquis CAP to the Bangor Housing Authority, where he arranged to rent space in a house owned by an acquaintance, Mr. Martin Bell. While the Bangor Housing Authority approved Mr. McGarry's "reasonable accommodation" request to use his one-bedroom apartment voucher toward his one-bedroom living space, the Bangor Housing Authority concomitantly decreased his Section 8 Voucher subsidy, such that Mr. McGarry cannot afford to live in Mr. Bell's home. On or about July 16, 2003, the Bangor Housing Authority rejected Mr. McGarry's reasonable accommodation request to apply a housing subsidy amount to his one-bedroom living space equal to the amount he would have received were he living in a one-bedroom apartment. Bangor Housing Authority's refusal to make the necessary and legally mandated accommodation has prevented McGarry from enjoying the same rights and privileges as non-disabled Section 8 beneficiaries, and therefore constitutes discrimination on the basis of his disability.

## II.     JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343 through 42 U.S.C. §1983.

2. This Court has supplemental jurisdiction over the state claim in this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff, David McGarry, resides in the City of Bangor, County of Penobscot, State of Maine.

5. Plaintiff is eligible for federal housing benefits, has a Section 8 Voucher and desires to receive those benefits in full.

6. Defendant Housing Authority of the City of Bangor [hereinafter Bangor Housing Authority] is a locally established and administered public entity organized pursuant to 30-A M.R.S.A. 4701 et. seq. with offices in Bangor, Maine that implements housing programs, including the Section 8 Voucher Program.

### IV. STATUTORY FRAMEWORK
#### A. The Section 8 Housing Choice Voucher Program

7. In 1983, Congress enacted the Section 8 Housing Choice Voucher Program [hereinafter the Voucher Program], set forth primarily at 42 U.S.C. § 1437f.

8. Under the Voucher Program, the United States Department of Housing and Urban Development [hereinafter HUD] pays rental subsidies so eligible families can afford decent, safe and sanitary housing.  24 C.F.R. § 982.1.

9. The Voucher Program is usually administered by State or local governmental entities called public housing agencies [hereinafter PHAs].  HUD provides housing assistance funds to the PHA, as well as funds for PHA administration of the programs.  24 C.F.R. § 982.1.

10. The Bangor Housing Authority is the PHA for Bangor, Maine.

11. When a tenant receives a voucher, he must locate a privately owned dwelling that complies with the housing quality standards approved by HUD.

12. When a voucher holder locates a landlord willing to lease under the Voucher Program, he submits a request for lease approval to the Bangor Housing Authority, which is required to conduct an inspection of the unit. Once the unit passes inspection, the Voucher Program participant signs a lease with the landlord.

13. The Bangor Housing Authority simultaneously or subsequently executes a housing assistance payments contract with the landlord. The assistance contract sets forth the contract rent and the monthly rental subsidy that the Bangor Housing Authority will pay toward the monthly rent on behalf of the tenant.

14. The amount of the monthly rental subsidy varies depending on the tenant's income, the rent requested by the owner, the utilities the tenant must pay, and a "payment standard" (fair market rent) established by HUD. 24 C.F.R. §§ 982.1, 982.514.

15. A tenant has an entitlement to continued participation so long as he meets the eligibility standards and otherwise complies with his legal obligations. The substance of these obligations is set forth in federal regulations promulgated by HUD. 24 C.F.R. §§ 982.551-52.

16. The Bangor Housing Authority's administration of the Section 8 Voucher Plan must be in compliance with Local, State, and Federal nondiscrimination laws.

### B. Federal Statutes and Regulations

17. Pursuant to the Federal Fair Housing Act, 42 U.S.C. § 3604f, the Bangor Housing Authority is prohibited from discriminating against disabled persons in the rental of housing and is affirmatively obligated to grant reasonable accommodations in rules,

policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

18. Pursuant to the Federal Americans with Disabilities Act, 42 U.S.C. §§ 12131-32, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of the Bangor Housing Authority, or be subjected to discrimination by the Bangor Housing Authority.

19. Pursuant to Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794, no otherwise qualified individual with a disability shall, solely by reason of his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

20. Pursuant to HUD's anti-discrimination regulations, 24 C.F.R. § 8.4, the Bangor Housing Authority is prohibited from discriminating against disabled persons in the administration of federal housing programs.

21. Pursuant to HUD's housing adjustments regulations, 24 C.F.R. § 8.33, the Bangor Housing Authority is affirmatively obligated to modify its housing policies and practices to ensure that these policies and practices do not discriminate, on the basis of handicap, against a qualified individual with handicaps.

### C.  State and Local Statutes and Regulations

22. Pursuant to the Maine Human Rights Act's fair housing provision addressing unlawful housing discrimination on the basis of disability, 5 M.R.S.A. § 4582-A, the Bangor Housing Authority cannot refuse to make reasonable accommodations in rules, policies,

practices or services when those accommodations are necessary to give that person equal opportunity to use and enjoy the housing.

23. Pursuant to the Bangor Housing Authority's Section 8 Administrative Plan, reasonable accommodations for persons with disabilities are appropriate so that those persons are able to take full advantage of the Bangor Housing Authority housing programs and related services.

## V.     FACTUAL BACKGROUND

24. Between July 31, 2001 and July 31, 2002, Mr. McGarry resided in a one-bedroom apartment in Newburgh, Maine. He received Section 8 rental subsidy, administered by Penquis CAP, for a one-bedroom apartment in the amount of $353.00 per month.

25. Mr. McGarry is disabled and receives Disability Insurance Benefits and Supplemental Security Income. He lives on a fixed income of $773.00 per month.

26. Due to a long history of trauma and symptoms related to his diagnosed disabilities, Mr. McGarry has a very difficult time in social situations and crowded environments. Past experience with living in an apartment triggered increased anxiety and sleep problems, which in turn resulted in a change or increase in medications.

27. In May of 2002, Mr. McGarry applied to transfer his Section 8 benefits from Newburgh to Bangor, Maine.

28. On or about August 29, 2002, Mr. McGarry relocated to Bangor.

29. On or about August 29, 2002, Mr. McGarry entered into a lease for a single-unit living space that would accommodate his mental handicaps. The single-unit living space was within a two-bedroom home owned by Mr. Bell, an acquaintance from the U.S. military,

which included exclusive use of one bedroom, living room, one-half bath, and shared use of kitchen. The monthly rent for this rental was $475.

30. Based on the HUD formula for determining the housing assistance payment, Mr. McGarry's voucher for a one-bedroom apartment in Bangor would be $298.00.

31. On or about September 20, 2002, the Bangor Housing Authority denied Mr. McGarry's request to use his Section 8 voucher for his new living situation on the ground that BHA's Administrative Plan did not allow Section 8 Vouchers for "shared housing."

32. On or about November 27, 2002, the Bangor Housing Authority granted Mr. McGarry's request to occupy a single-unit living space (as "shared housing") in Mr. Bell's two-bedroom home as a reasonable accommodation related to his disability.

33. Effective February 1, 2003, the Bangor Housing Authority decreased Mr. McGarry's Section 8 subsidy would decrease from $298.00 to $13.00.

34. On or about March 28, 2003, Mr. McGarry filed a second request for reasonable accommodation on the ground that he could not meet his rent obligations with only a $13.00 per month rent subsidy. He therefore requested an accommodation that would allow him to receive a subsidy amount equal to that which he would receive were he living in a one-bedroom apartment.

35. Mr. McGarry's reasonable accommodation request imposed no additional monetary or administrative burden upon the Bangor Housing Authority beyond the commitments already made to administer and pay for his one-bedroom voucher.

36. On or about May 13, 2003, the Bangor Housing Authority determined the subsidy amount to be $50.00 per month, also insufficient to allow Mr. McGarry to pay his rent.

37. After a formal hearing, on or about July 16, 2003 the Bangor Housing Authority denied Mr. McGarry's second reasonable accommodation request.

38. As a result of the Bangor Housing Authority's refusal to grant him a reasonable subsidy, Mr. McGarry has suffered severe and ongoing emotional distress.

## COUNT I

39. Mr. McGarry realleges and incorporates by reference paragraphs 1 - 38 of his complaint.

40. In refusing to grant Mr. McGarry's reasonable accommodation request dated March 28, 2003 to apply the same housing subsidy amount to his one-bedroom living space as would be applied if he could live in a one-bedroom apartment, the Bangor Housing Authority has denied Mr. McGarry, on the basis of his disability, equal opportunity to use and enjoy the housing in contravention of the Federal Fair Housing Act, 42 U.S.C. § 3604f.

## COUNT II

41. Mr. McGarry realleges and incorporates by reference paragraphs 1 - 40 of his complaint.

42. In refusing to grant Mr. McGarry's reasonable accommodation request dated March 28, 2003 to apply the same housing subsidy amount to his one-bedroom living space as would be applied if he could live in a one-bedroom apartment, the Bangor Housing Authority is denying Mr. McGarry the benefits of his Section 8 Voucher, by reason of his disability, in violation of the Federal Americans with Disabilities Act, 42 U.S.C. §§ 12131-32.

## COUNT III

43. Mr. McGarry realleges and incorporates by reference paragraphs 1 - 42 of his complaint.

44. In refusing to grant Mr. McGarry's reasonable accommodation request dated March 28, 2003 to apply the same housing subsidy amount to his one-bedroom living space as would be applied if he could live in a one-bedroom apartment, the Bangor Housing Authority is denying Mr. McGarry the benefits of his Section 8 Voucher, by reason of his disability, in violation of Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794.

### COUNT IV

45. Mr. McGarry realleges and incorporates by reference paragraphs 1 - 44 of his complaint.

46. In refusing to grant Mr. McGarry's reasonable accommodation request dated March 28, 2003 to apply the same housing subsidy amount to his one-bedroom living space as would be applied if he could live in a one-bedroom apartment, the Bangor Housing Authority engaged in unlawful discrimination against Mr. McGarry based on his mental disabilities in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4582-A.

### VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff McGarry respectfully requests this Honorable Court:

1. Declare the Defendant violated Plaintiff's rights pursuant to the causes of action set forth above.

2. Vacate and reverse the Defendant's final decision regarding the amount of rent subsidy.

3. Issue a preliminary and permanent injunction ordering Defendant to pay the rate approved for a one-bedroom apartment in the Bangor area, retroactive to the date Plaintiff applied for said benefits.

Dated: July 15, 2005

                            /s/    _____
                                    Carl E. Kandutsch
                                    Attorney for Plaintiff
                                    Bar No. 3979
                                    Pine Tree Legal Assistance
                                    61 Main Street
                                    Bangor, Maine 04401
                                    (207) 942-0972
                                    email: ckandutsch@ptla.org